<u>**UNITED STATES DISTRICT COURT**</u>

CRIMINAL NO. 04-10170-GAO

UNITED STATES OF AMERICA

vs.

DOMINGA RODRIGUIZ

<u>**MOTION FOR DOWNWARD DEPARTURE**</u>

NOW COMES the defendant, Dominga Rodriguiz, by counsel, and files the following sentencing memorandum and moves for a downward departure from the United States Sentencing Guidelines. As reasons therefore defendant states the following:

Defendant seeks a downward departure pursuant to §5K2.0, exceptional personal circumstances and §5H1.3, U.S.S.G. mental and emotional conditions as mitigating factors "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." <u>U.S.S.G. § 5K2.0</u>.

Defendant submits that after her release from custody she was deported to her country where she was confronted with the illnesses of her two sisters and was requested to accept the responsibility of caring for her sisters' six children. Defendant re-entered the United States out of necessity, as she perceived it, in order to earn and send money home to her sisters' children. While in the U.S. for one month both her sisters died leaving defendant with the sole responsibility for supporting her six nephews.

Defendant's earlier obligation to provide for her brothers and sisters at a young age and then to provide for her nephews left her with a sense of desperation and

overwhelmed by her exceptional personal circumstances, permitting a downward departure under U.S.S.G. § 5K2.0.

While incarcerated at MDC Guaynabo in Puerto Rico, defendant was sent on unsupervised work detail, with prisoners of both sexes. A sexual liaison resulted in a pregnancy with twins, which were then forcibly aborted on prison orders. Defendant not only lost the twins but suffered internal injury from which she has not recovered. A law suit filed against prison authorities by a woman's rights attorney was discontinued by defendant's transfer to another institution. As a result of these events defendant has been periodically despondent, remains perhaps, permanently physically injured, suffers emotional loss and feels religiously violated.

For all the above reasons defendant moves for a downward departure from the advisory capacity of the United States Sentencing Guidelines pursuant to § 5H1.3, mental and emotional conditions as mitigating factors, not adequately taken into consideration by the Sentencing Commission.

Respectfully submitted,

/s/ Benjamin D. Entine, Esq.
77 Franklin Street
Third Floor
Boston, MA 02110
617-357-0770
BBO# 558533

October 14, 2005