```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


* * * * * * * * * * * * * *
*UNITED STATES OF AMERICA   *
                            *    CRIMINAL ACTION
            v.              *    No. 04-10170-GAO
*                           *
DOMINGA RODRIGUEZ           *
                            *
* * * * * * * * * * * * * *




        BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.,
                UNITED STATES DISTRICT JUDGE
                     DISPOSITION EXCERPT
                      October 27, 2005


APPEARANCES:

        UNITED STATES ATTORNEY'S OFFICE, (By AUSA
   Christopher F. Bator) 1 Courthouse Way, Suite 9000,
   Boston, Massachusetts  02210, on behalf of the United
   States of America

        LAW OFFFICES OF BENJAMIN D. ENTINE, (By Benjamin D.
   Entine, Esq.) 77 Franklin Street, Boston, Massachusetts
   02110, on behalf of Defendant




                                 Courtroom No. 21
                                 1 Courthouse Way
                                 Boston, Massachusetts 02109


                      James P. Gibbons, RPR, RMR
                        Official Court Reporter
                     1 Courthouse Way, Suite 7205
                      Boston, Massachusetts  02210
                            (617) 428-0402
```

```
 1                        E X C E R P T

 2                         * * * * * * *

 3            THE COURT:  All right.  I did not know whether

 4    Ms. Rodriguez was pausing to compose herself or whether she

 5    was finished.

 6            MR. ENTINE:  I believe she's finished, your

 7    Honor.

 8            THE COURT:  Okay.

 9         Well, the approximation of the sentence that the

10    Guidelines suggest is useful because the Guidelines take

11    account of the several factors of the statute, in themselves

12    prescribing the considerations and the weight of those

13    considerations in determining what the sentence should be.

14    So the Guidelines already reflect the judgment as a

15    categorical matter and, as a more general matter, by the

16    Sentencing Commission than perhaps inferentially by the

17    Congress as to what is an appropriate range or approximation

18    of a sentence once certain factors are present.

19         Staying within the rubric and theory of the

20    Guidelines, I do not think that there is ground for the

21    departure motion as has been argued.

22         However, I think that it's clear that the

23    obligation of the Court is to pay close attention to the

24    Guideline's accommodation of the various factors but not

25    necessarily to yield to it.  And I do think that in this
```

1   case the factors in the statute can be accommodated by a
2   sentence that is somewhat lower than what is recommended by
3   the Guidelines.  This is not a Guidelines' departure.  For
4   accounting purposes, this is a Section 3553(a) decision.
5              I think where I estimate that the Guidelines have
6   overcounted a little bit is in the -- I think this is not
7   the "heartland" case of a returning drug trafficker.  It is
8   that in some sense, but I think the circumstances of this
9   case are far at the low end of the range of possible
10  scenarios that would fit within that.  So that is why I
11  principally differ with the Guidelines on this.
12             Nevertheless, it was a serious drug offense.  I do
13  not go behind that.  I do not question the sentence that was
14  imposed or the deportation that followed.
15             The offense here for which the defendant is being
16  sentenced is the reappearance in the country under that
17  disability.  That is fairly unambiguous, and as sad as many
18  of the circumstances are that Mr. Entine pointed out, they
19  may pertain more to the underlying events of history than
20  they do to the present offense.
21             In sum, I think that an appropriate punishment
22  would be punishment of 30 months' incarceration, with credit
23  for the time served.
24             Ms. Rodriguez, if you would stand, please.
25             Upon your conviction of this offense and pursuant

```
 1   to the Sentencing Reform Act of 1984, it is the judgment of
 2   the Court that you be, and you hereby are, committed to the
 3   custody of the Bureau of Prisons to be imprisoned for a term
 4   of 30 months.
 5            I will make a recommendation that you be considered
 6   for participation in the Bureau of Prison's 500-hour
 7   residential drug abuse program, and further recommend that
 8   you participate in any mental health treatment or counseling
 9   which may be available for you at whatever facility you are
10   designated to be housed in.
11            Upon your release from imprisonment, you shall be
12   placed on supervised release for a term of two years.
13            Within 72 hours of your release from the custody of
14   the Bureau of Prisons, you shall report in person to the
15   district to which you have been released.
16            I will not impose a monetary fine; however, there
17   is a special assessment of $100 that is due.
18            While you are on supervised release, you shall not
19   commit any other federal, state or local crime.  You shall
20   comply with all the standard conditions that pertain to
21   supervised release that are set forth in the United States
22   Sentencing Guidelines at Section 5D1.3(c) and those are
23   incorporated by reference and will be set forth in detail in
24   the judgment.
25            During your supervised release, you shall refrain
```

1   from the unlawful use of any controlled substance and shall
2   submit to a drug test within 15 days of your release from
3   imprisonment and at least two periodic drug tests thereafter
4   as may be directed by your probation officer, not to exceed
5   a total of 104 tests per year.
6           You shall cooperate in the collection of a DNA
7   sample by the Probation Office.
8           During your supervised release, you are prohibited
9   from possessing a firearm, destructive device, or other
10  dangerous weapon, and you are to participate during your
11  supervised release with any program for substance abuse
12  counseling or treatment as may be directed by the Probation
13  Office.
14          You are to refrain from the consumption of
15  alcoholic beverages during your supervised release.
16          You shall at all times use your true name and are
17  prohibited from the use of any false identifying
18  information, which includes, but is not limited to, any
19  aliases, false dates of birth, false Social Security
20  numbers, or incorrect places of birth.
21          If directed to do so by the Probation Office, you
22  are to participate in GED preparation classes.
23          Finally, if you are ordered deported, you are to
24  leave the United States and not return without the prior
25  permission of the Secretary of the Department of Homeland

```
 1   Security.
 2              THE CLERK:  Ms. Dominga Rodriguez, you have
 3   the right to file a Notice of Appeal in this case.  If you
 4   do wish to file an appeal, you must file it within ten days
 5   from the date the judgment is entered.  If you cannot afford
 6   an attorney to file the appeal on your behalf, you may
 7   request the Clerk of the Court to file the appeal for you,
 8   and I will do so.
 9          Do you understand, ma'am?
10              THE DEFENDANT (Through Interpreter):  Yes,
11   sir.
12              THE COURT:  All right.  The defendant stands
13   committed.  We will be in recess.
14              THE CLERK:  All rise.
15          Court is in recess.
16              MR. ENTINE:  Thank you, your Honor.
17          (Proceedings adjourned.)
18
19
20
21
22
23
24
25
```

# **C E R T I F I C A T E**

     I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

              JAMES P. GIBBONS, CSR, RPR, RMR
                 Official Court Reporter
             1 Courthouse Way, Suite 7205
            Boston, Massachusetts 02210
                   (617) 428-0402